1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    FRIENDS OF THE EARTH INC., et al.

10            Plaintiffs,                    No. C 02-04106 JSW

11       v.                                  **ORDER GRANTING PLAINTIFFS'
                                             MOTION TO VACATE ORDER**
12   PETER WATSON, et al.                    **GRANTING DEFENDANTS'
                                             LEAVE TO FILE A MOTION FOR**
13            Defendants.                    **RECONSIDERATION, STRIKING
                                             MOTION FOR**
14                                           **RECONSIDERATION, AND RE-
                                             SETTING BRIEFING SCHEDULE**
15                                           **ON MERITS**

16

17   _____/

18          On November 4, 2005, the Court granted the Defendants' leave to file a motion for

19   reconsideration of a portion of the Court's Order Denying Defendants' Motion for Summary

20   Judgment.  Plaintiffs have moved the Court to vacate this order, arguing that the Court exceeded

21   its authority and renewing the argument made in opposition to the motion for leave to file the

22   motion for reconsideration, that the matter should be resolved on the merits.  On November 21,

23   2005, Plaintiffs submitted a supplemental brief in support of their motion to vacate, in which

24   they point to additional evidence Defendants submitted with the motion for reconsideration to

25   support their request to vacate the November 4, 2005 Order.

26          The Court's decision to grant Defendants leave to file a motion for reconsideration was

27   based upon its understanding that the Defendants' argument would be based upon the *two* GAO

28

**United States District Court**

For the Northern District of California

reports that Defendants submitted as exhibits to their motion for leave to file their motion for reconsideration.

The Court also expected that the Defendants' motion for reconsideration would be based upon a legal argument as to why those *two* GAO reports would have materially altered the Court's prior decision. Until it received the Opposition to Plaintiffs' motion to vacate, the Court (and it suspects the Plaintiffs) had no reason to believe otherwise. (*See* Opp. at n.3.)

According to Defendant OPIC, however, following the Court's November 4, 2005 Order, it "began looking for documents that might be related to the 1985 and 1988 GAO reports described in Defendants' Motion for Leave to File Motion for Reconsideration after the Court allowed Defendant OPIC to move forward with the Motion for Reconsideration." (Declaration of Connie Downs in Support of Defendant OPIC's Motion for Reconsideration, ¶ 3.) Defendant OPIC submits *nineteen* such documents that "were located in the course of that search in OPIC's archives." (*Id.*)[1]

Although Defendants may have misunderstood the Court's intent, they have created a situation that requires the Court to reconsider its November 4, Order. Thus, on further review, the Court finds that its Order granting Defendant OPIC leave to file a motion for reconsideration was improvidently granted, it is HEREBY VACATED. The motion for reconsideration is ORDERED to be stricken from the record. This ruling is without prejudice to Defendant OPIC raising the issue set forth in the motion for reconsideration in its briefing on the merits. If OPIC intends to rely on the evidence submitted with the motion for reconsideration or any other evidence discovered that relates to this issue, it is ORDERED to formally produce such evidence to Plaintiffs. Plaintiffs may raise any objections they may have to the consideration of such evidence in their briefing on the merits. This Order fully resolves the matter of reconsideration, and the Court shall not entertain any further briefing on this issue.

---

[1]    When it granted Defendants leave to file the motion for reconsideration, the Court expressly noted that it believed Defendants had not met Local Rule 7-9(b)(1) diligence standards. Defendants actions in "searching" for additional evidence further supports that conclusion.

United States District Court

For the Northern District of California

1    It is FURTHER ORDERED that this matter shall be set for hearing on cross-motions for

2  summary judgment on the merits on **Friday March 31, 2006 at 9:00 a.m.**

3    The Court FURTHER ORDERS the parties to meet and confer by telephone and to

4  submit by December 2, 2005, a *joint* briefing schedule to the Court that provides for staggered

5  cross-motions for summary judgment, *i.e.* Plaintiffs' opposition to Defendants' motions would

6  be combined with their cross-motions for summary judgment or *vice versa*.

7    The Court FURTHER ORDERS that the briefing on the cross-motions shall be

8  completed by **March 3, 2006.**

9    **IT IS SO ORDERED.**

10

11  Dated:  November 21, 2005                                    _____

12                                                             JEFFREY S. WHITE
                                                               UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

3