United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRIENDS OF THE EARTH, INC., et al.,

Plaintiffs,

v.

ROBERT MOSBACHER, JR., et al.,

Defendants.
_______________________________________/

No. C 02-04106 JSW

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE**

**INTRODUCTION**

This matter comes before the Court upon consideration of Plaintiffs' motion to strike portions of the briefs and evidence submitted by Defendants in support of their cross-motions for summary judgment, which the Court addresses in a separate Order issued this date.

Having considered the parties' pleadings, relevant legal authority, and the record in this case, and having had the benefit of oral argument. For the reasons set forth in the remainder of this Order, Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

**ANALYSIS**

Plaintiffs move to strike legal arguments raised in the cross-motion for summary judgment filed by Defendant Overseas Private Investment Corporation ("OPIC"). Specifically Plaintiffs move to strike: (1) Sections IV(A), (C), and (D) of OPIC's cross-motion on the grounds that the issues addressed in those sections already have been decided by the Court and should not be revisited under the law of the case doctrine; (2) Section IV(B) of OPIC's cross-motion, and any evidence submitted in support thereof, on the ground that it is precluded from

raising the argument presented in that section under the law of the case doctrine, under Federal Rule of Civil Procedure 12(g), and under this Court's Case Management Order dated March 12, 2004; and (3) Section V of OPIC's motion and on the ground that it was required to raise the argument presented in that section in the first round of summary judgment briefing permitted by the Court.

Plaintiffs also move to strike evidentiary materials submitted in support of OPIC's cross- motion as well as Defendant Export-Import Bank's ("Ex-Im Bank") cross-motion on the grounds that the exhibits submitted are extra-record evidence, were not produced in accordance with an Order of this Court requiring defendants to produce specific documents by December 16, 2005, and are irrelevant, immaterial, and constitute inadmissible hearsay.

Each of the parties also submitted materials after oral argument, that are addressed herein.

**A. Motion to Strike Portions of Cross-Motions for Summary Judgment.**

Plaintiffs move to strike all of Section IV of OPIC's cross-motion, which addresses the issue of whether NEPA is applicable to OPIC. Plaintiffs assert that this issue has already been decided by the Court and is, therefore, the law of the case. "Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002). The doctrine, however, is discretionary and is "founded upon the sound public policy that litigation must come to an end." *Id.*

When the Court denied Defendants' first motion for summary judgment, it considered and rejected OPIC's argument that the plain language of OPIC's organic statute and the legislative history of that statute demonstrated that OPIC was not subject to NEPA. However, the Court did not conclusively resolve the issue of whether NEPA was applicable to OPIC, because it concluded, based on the record presented, that it could not find that Congress was aware of and acceded to OPIC's position that it was not subject NEPA. (*See* Docket No. 117 at 13:10-11.) The Court expressly granted OPIC leave reargue that limited issue. (*See* Docket Nos. 128, 140.)

Section IV(A) of OPIC's brief is an almost verbatim recitation of the arguments it raised in its first motion for summary judgment. (*Compare* Docket No. 81 at 31-37 *with* Docket No. 144 at 5-8.) In contrast, Section IV(B) does address the narrow issue left open by the Court. Section IV(C) is an argument as to why OPIC's interpretation of the Foreign Assistance Act is entitled to deference. Section IV(D) merely is a summary of the reasons it contends it is not subject to NEPA. Plaintiffs' motion to strike is GRANTED IN PART. The Court shall not consider Section IV(A) of OPIC's cross-motion. It shall, however, consider the remaining sections.

Plaintiffs also move to strike Section V of OPIC's Cross-Motion and Section V of Ex-Im's Cross-Motion, which address the question of the extraterritorial application of NEPA. Defendants did raise that issue in their first summary judgment, albeit in a footnote. (*See* Docket No. 81 at 32 n.23.) For the reasons set forth in Order Denying Plaintiffs' Motion for Summary Judgment and Granting in Part and Denying In Part Defendants' Cross-Motions for Summary Judgment, the Court finds that Plaintiffs' claims do not involve the extraterritorial application of NEPA. Because resolution of the cross-motions does not rest on the extraterritorial argument, the Court DENIES Plaintiffs' motion to strike those sections of Defendants' briefs.

**B. Motion to Strike Defendants' Evidence.**

**1. Motion to Strike Extra-Record Evidence.**

Plaintiffs move to strike OPIC Exhibits 1A-1HH, OPIC Exhibits 1-13, and all of Ex-Im's exhibits to the Defendants' cross-motions on the ground that these exhibits are extra-record evidence.[1] When a court is reviewing a final agency action, review "normally is limited

---

[1] Exhibits 1-3 to Ex-Im's cross-motion are three declarations that were submitted in support of Ex-Im's first motion for summary judgment: (1) the declaration of Barbara O'Boyle; (2) the declaration of Dr. David Legates; and (3) the declaration of James Mahoney. Exhibit 4 is a supplemental declaration from Mr. Mahoney.

Exhibit 1 to OPIC's cross-motion is the Declaration of Connie Downs, which has been submitted to identify, and presumably to authenticate, the OPIC Exhibits 1A through 1NN, which are attached thereto. Exhibits 1A-1I, 1K, 1M, 1O-1FF, 2-5, and 10-12 all relate to OPIC's legal argument that it is not subject to NEPA's requirements. Exhibit 1GG is a chart relating to the West Seno I Oil and Gas Field Project. Exhibit 1HH is an excerpt of a

United States District Court
For the Northern District of California

to the administrative record in existence at the time of the agency's decision." *Friends of the Clearwater v. Dombeck*, 222 F.3d 552, 560 (9th Cir. 2000) (citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971)) (hereinafter "*Dombeck*"); *see also Southwest Center for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996). Thus, a court may consider extra-record materials only: "(1) if necessary to determine 'whether the agency has considered all relevant factors and has explained its decision,' (2) 'when the agency has relied on documents not in the record,' or (3) 'when supplementing the record is necessary to explain technical terms or complex subject matter.'" *Inland Empire Public Lands Council v. Glickman*, 88 F.3d 697, 703-04 (9th Cir. 1996) (quoting *Friends of the Payette v. Horseshoe Bend Hydroelectric Co.*, 988 F.2d 989, 997 (9th Cir. 1993)).

A court may also consider extra-record evidence when a plaintiff seeks, pursuant to Section 706(1), to compel agency action that has been unlawfully withheld. The rationale for this exception is that, in such a case, "there is no final agency action to demarcate the limits of the record." *Dombeck*, 222 F.3d at 560 (citing *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 511 (9th Cir. 1997)). Here, Plaintiffs contend that Ex-Im and OPIC never complied with NEPA and ask that the Court compel Defendants to do so. Plaintiffs therefore seek relief, in part, pursuant to Section 706(1). Accordingly, the Court DENIES Plaintiffs' motion to strike this evidence.

**2. Motion to Strike Mahoney and Himburg Declarations.**

Plaintiffs also move to strike the supplemental declarations of James Mahoney and Harvey Himburg on the ground that they were not produced by December 16, 2005, a deadline the Court imposed on Defendants to produce all documents on which they intended to rely on issues pertaining to the motions for summary judgment. (*See* Docket No. 142.) The Court literally intended that deadline to apply to any additional documentary evidence that Defendants had not turned over to the Plaintiffs. It was not intended to apply to testimonial evidence

---

Funding and OPIC Guaranty Agreement relating to the West Seno I Oil and Gas Field Project. OPIC Exhibits 6-9 are declarations submitted in connection with OPIC's first motion for summary judgment: (1) the declaration of Harvey Himburg; (2) the declaration of Stephen Feeney; (3) the declaration of Thomas P. Schehl; and (4) the declaration of Dr. David R. Legates. Exhibit 13 is a supplemental declaration from Mr. Himburg.

United States District Court
For the Northern District of California

submitted in response to arguments raised by Plaintiffs in their motion. Plaintiffs' motion to strike these declarations on this basis is DENIED.

**3. Evidentiary Objections to Exhibits and Declarations**.

Plaintiffs also object to and move to strike most of Defendants' exhibits on the ground that they either are irrelevant or constitute inadmissible hearsay. For example, OPIC submits a number of letters and memoranda in support of its argument that, although Congress was aware of OPIC's position that it was not subject to NEPA, Congress did not amend OPIC's organic statute to require compliance with NEPA. (*See, e.g.* OPIC Exs. 1A-1FF.) Plaintiffs contend these documents are irrelevant because "mere correspondence with individual members of Congress and internal or executive branch memoranda are woefully insufficient, as a matter of law, to establish Congressional knowledge of an Agency's position." (Mot. at 9.)

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Plaintiffs correctly note that a number of these exhibits are internal OPIC memoranda or other materials that were not distributed to members of Congress. The evidence relied on by OPIC is relevant to the determination of the motions, however for the reasons set forth in the Order Denying Plaintiffs' Motion for Summary Judgment and Granting in Part and Denying in Part Defendants Cross-Motions for Summary Judgment, the evidence is immaterial. Accordingly, Plaintiffs' motion to strike these exhibits is DENIED.

Finally, although Plaintiffs object to many of the exhibits and declarations on the grounds that they contain inadmissible hearsay, Plaintiffs have not specifically identified those portions of the exhibits and declarations to which they object. However, the Court is mindful of its obligation to consider only admissible evidence when it rules on a motion for summary judgment and shall do so.

**C. Post-Hearing Submissions.**

After the hearing on the motions, Plaintiffs filed a pleading entitled "Statement of Citation," in which they provide additional argument on questions posed to them and referred

United States District Court
For the Northern District of California

the Court to portions of the record addressing those questions. Neither Defendant has objected to this filing. Thus, the Court has considered it and has considered OPIC's responsive pleading and declaration.

OPIC also filed post-hearing document entitled Notice of Changed Factual Circumstances, with a supporting declaration, in which it advised the Court that with respect to two of the projects identified in Plaintiffs' Second Amended Complaint, OPIC's involvement is complete. Defendants assert that this information is material to the question of what relief, if any, this Court may grant Plaintiffs. Plaintiffs object to this filing on the ground that OPIC has been "selective" in the facts presented to the Court. Plaintiffs also argue why these facts do not alter the Court's ability to provide them the relief they seek. The Court overrules Plaintiffs' objections to the Defendants' Notice of Changed Factual Circumstances and has considered it as well as Plaintiffs' response.

**IT IS SO ORDERED.**

Dated: March 30, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE