IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIENDS OF THE EARTH, INC., et al., | |
| Plaintiffs, | No. C 02-04106 JSW |
| v. | **ORDER CERTIFYING ORDERS FOR INTERLOCUTORY APPEAL** |
| ROBERT MOSBACHER, JR., et al. | |
| Defendants. | |

On August 23, 2005, this Court issued an Order denying the Motion for Summary Judgment filed by Defendants Peter Watson, in his official capacity as President and CEO of the Overseas Private Investment Corporation ("OPIC"), and Peter Merrill, in his official capacity as Vice Chairman and First Vice President of the Export-Import Bank of the United States ("Ex-Im"). (Docket No. 117 and Attachment A hereto.)  In that Order, the Court determined: (1) that Plaintiffs had standing to assert their claims; (2) that Plaintiffs' challenged a final agency action under the Administrative Procedure Act; (3) that OPIC's organic statute, the Foreign Assistance Act, did not preclude judicial review of the challenged actions; and (4) that OPIC had not presented sufficient evidence to show that Congress intended environmental procedures in the Foreign Assistance Act to displace the National Environmental Policy Act ("NEPA").

On March 30, 2007, the Court issued a further order denying Plaintiffs' motion for summary judgment on the merits of their claims, and granted in part and denied in part, Defendants' motions for summary judgment. (Docket No. 172 and Attachment B hereto.)  In that Order, the Court: (1) reaffirmed its previous finding that OPIC had not demonstrated it was not subject to NEPA; (2) that Plaintiffs' claims did not involve the extraterritorial application of

NEPA; (3) that Defendants did not operate energy "programs" as that term is used in NEPA; (4) and that neither party met its burden to show whether the individual projects identified in the Second Amended Complaint or that were identified in the Administrative Record qualified as "major federal actions" for purposes of NEPA; and (5) that Plaintiffs were not entitled to an injunction requiring Defendants to comply with NEPA for any future projects for which they might provide financing.

In the March 30, 2007 Order, the Court set a status conference and asked the parties to advise the Court whether they intended to seek an interlocutory appeal. At the status conference held on April 27, 2007, Plaintiffs advised the Court they would seek leave to appeal. Defendants advised the Court that they would require additional time before they could advise the Court of their answer, and filed a motion seeking to stay any certification for sixty days. The Court granted that motion in part on May 9, 2007, and advised the parties that it would stay certification of both the August 23, 2005 and March 30, 2007 Orders until June 6, 2007.

Accordingly, because the Court firmly believes that both the August 23, 2005 Order and the March 30, 2007 Order involve controlling questions of law as to which there is substantial ground for difference of opinion and that an appeal from these orders would materially advance this litigation, IT IS HEREBY ORDERED that the attached Orders (Dockets 117 and 172) are certified for interlocutory appeal.

IT IS FURTHER ORDERED that, if either of the parties applies to the United States Court of Appeals for the Ninth Circuit for such an interlocutory appeal, all further action in these proceedings shall be stayed pending a decision by that Court. The parties shall submit a joint status report to the Court within thirty days of the date of this Order.

**IT IS SO ORDERED.**

Dated: June 6, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2