IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRIENDS OF THE EARTH, INC., et al.,

    Plaintiffs,

    v.

ROBERT MOSBACHER, JR., et. al.,

    Defendants.

No. C 02-04106 JSW

**ORDER RE DISCOVERY AND OTHER PRETRIAL ISSUES**

This matter came before the Court for a case management conference on December 14, 2007. At that case management conference, the Court advised the parties that it would issue an Order setting forth its position on certain pretrial issues, including which projects would remain at issue in this action, discovery and whether Defendants should be permitted to move for summary judgment on the issue of mootness. The Court HEREBY ORDERS as follows:

**1.    Trial will proceed on the seven projects identified in the SAC.**

Although Plaintiffs referenced the Defendants' other oil and gas projects in their SAC, and although the Court addressed those projects in its March 30, 2007 Order Denying Plaintiffs' Motion for Summary Judgment and Granting in Part and Denying in Part Defendants' Motion for Summary Judgment ("March 30, 2007 Order"), Plaintiffs initiated this lawsuit and, in doing so, it was their burden to identify the "final agency actions" for which they sought review. In light of that fact, in light of the fact that the parties' motions for summary judgment focused primarily on the specific projects identified in the SAC, with the exception of the argument that Defendants had an energy program, and given the age of this case, the Court shall limit trial in

this case to the seven projects identified in the SAC.

### 2. Discovery/Supplementing the Record.

As noted in its Order Granting in Part and Denying in Part Plaintiffs' Motion to Strike, Plaintiffs proceed in part under Section 706(1) of the Administrative Procedure Act, in that they contend Defendants never complied with NEPA. Therefore, Plaintiffs seek to compel agency action that they contend was unlawfully withheld. In such circumstances, the Ninth Circuit has concluded that consideration of extra-record evidence may be appropriate because "there is no final agency action to demarcate the limits of the record." *Friends of the Clearwater v. Dombeck*, 222 F.3d 522, 560 (9th Cir. 2000).

Further, the projects at issue involve non-federal actors, and the Ninth Circuit has noted that to determine whether such projects would qualify as a major federal action "'will generally require a careful analysis of all facts and circumstances surrounding the relationship.'" *Laub v. United States Department of the Interior*, 342 F.3d 1080, 1092 (9th Cir. 2003) (quoting *Friends of the Earth, Inc. v. Coleman*, 518 F.2d 323, 329 (9th Cir. 1975)). Because the Plaintiffs made a sufficient showing on summary judgment that "a fact-intensive analysis is required before a conclusion can be made as to whether the [non-federal] and federal activities are so intertwined that the" projects at issue qualify as major federal actions, the Court concludes that some discovery is appropriate in this case. *Id.*; *see also Rattlesnake Coalition v. U.S.E.P.A.*, __ F.3d __, 2007 WL 4276713 at *4 n.1 (9th Cir. Dec. 7, 2007).

Additional discovery shall be limited to the seven projects identified in the SAC and should focus on the issues addressed at pages 31-40 of the Court's March 30, 2007 Order. The parties shall meet and confer in an effort to come to an agreement on the type of and scope of discovery that will be necessary to make a determination on whether the seven projects qualify as major federal actions. If the parties cannot agree on the nature and scope of discovery, they shall follow this Court's Standing Orders regarding discovery disputes and submit a joint letter brief outlining their positions.

The Court will not stay discovery in favor of a preliminary determination on mootness, which is addressed in the next section of this Order.

**3. Mootness.**

The fact that certain projects have been completed is not dispositive as to whether Plaintiffs' claims are moot. Rather, the central question is whether Plaintiffs can receive effective relief. *See, e.g., Forest Guardians v. U.S. Forest Service,* 329 F.3d 1089, 1094 (9th Cir. 2003); *Cantrell v. City of Long Beach*, 241 F.3d 674, 678-79 (9th Cir. 2001); *West v. Secretary of the Department of Transportation*, 206 F.3d 920, 925 (9th Cir. 2000).

It is still unclear to the Court exactly what relief Plaintiffs are seeking with respect to any given project, and the Court expects that these issues will crystallize as the parties prepare for and attend the settlement conference. For that reason, if the parties do not resolve their differences at that conference, and given the import of this question on whether trial should proceed as to any of the seven projects identified in the SAC, the Court shall require further briefing on this issue in conjunction with the parties' pretrial submissions. The Court shall set a briefing schedule at the next case management conference.

**IT IS SO ORDERED.**

Dated: January 14, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE