

**U.S. Department of Justice**

Environment and Natural Resources Division

*Natural Resources Section*
*P.O. Box 663*
*Ben Franklin Station*
*Washington, DC 20044-0663*

*Telephone (202) 305-0639*
*Facsimile (202) 305-0506*



March 6, 2008

The Honorable Bernard Zimmerman
United States Magistrate Judge
U.S. District Court for the Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

*via hand delivery*

    Re:   *Friends of the Earth v. Mosbacher*, No. 02-4106 (N.D. Cal.)

Your Honor:

This letter concerns the Court's Order Scheduling Settlement Conference of January 2, 2008 (Doc. #201), regarding the requirement for attendance of certain persons at the March 13, 2008 settlement conference in the above-referenced case. The Court's Order states that if a governmental entity is a party, the governing body shall designate one of its members or a senior executive to appear at the Settlement Conference with authority to participate in the Settlement Conference and to recommend the agreement to the governmental entity for its approval.

Trial counsel from the Department of Justice and representatives from the Overseas Private Investment Corporation and Export-Import Bank of the United States with knowledge of the activities that are the subject of this litigation are prepared to attend the settlement conference to formulate options for settlement in a good faith attempt to reach a negotiated resolution of this case.

The United States, however, is unable to secure the attendance of a "senior executive" from the Department of Justice for reasons particular to the Federal Government and its organization. As trial counsel representing the Natural Resources Section of the Environment and Natural Resources Division of the United States Department of Justice, I do not have the authority to compromise the claims of the United States. Settlement authority for claim against Federal Agencies is vested with the Attorney General of United States. See 28 U.S.C. § 2677. For environmental matters, that authority in most cases has been delegated to the Assistant Attorney General for the Environment and Natural Resources Division of the United States Department of Justice. See 28 C.F.R. § 0.160. The Overseas Private Investment Corporation and the Export-Import Bank of the United States are subject to similar limitations, but ultimate settlement authority rests with the Department of Justice.

Senior Department of Justice officials, including the Assistant Attorney General for the Environment and Natural Resources Division, have a multitude of responsibilities including ultimate settlement authority for thousands of cases. Realistically, these officials cannot attend or even be available by telephone for settlement conferences in all cases in which they have settlement

authority. Accordingly, a representative of the United States cannot legally execute any final settlement agreement without seeking and obtaining the necessary approval authority within the Justice Department.

The inability of the United States to send individuals with final settlement authority to settlement conferences has been recognized by the Federal Rules Advisory Committee and Congress. The Advisory Committee Notes to Rule 16 of the Federal Rules of Civil Procedure state that in litigation involving the federal government, "there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision-making responsibility." Advisory Committee Notes to Rule 16, 1993 Amendments, Subdivision (c). Congress has also recognized the "unique situation" of the Justice Department. Both the House and Senate Reports on the Judicial Improvement Act of 1990 state that the Justice Department "cannot realistically send officials with full settlement authority to each settlement conference," and that federal courts should therefore not require the attendance of such officials. See H.R. Rep. 101-416, 101st Cong., 2d Sess. 59; S. Rep. 101-732, 101st Cong. 2d Sess. 16-17.

Congress has also recognized the need to account for the "unique situation" posed by the fact that the Justice Department "does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials." See S. Rep. 101-416, 101st Cong., 2nd Session (1990) (August 3, 1990, Senate Report to Accompany S. 2648, Legislative History for the Judicial Improvements Act of 1990, Pub. L. 101-650), 1990 WL 201668; and H.R. Rep. 101-732, 101st Cong. 2nd Session (1990) (September 21, 1990, House Report to Accompany H.R. 3898, Legislative History for the the Judicial Improvements Act of 1990, Pub. L. 101-650), 1990 WL 200435. Both the House and Senate Reports to the Judicial Improvement Act of 1990 state that the Justice Department "cannot realistically send officials with full settlement authority to each settlement conference." See S. Rep. 101-416 at 124; H.R. 101-732 at 44.

Federal courts have also recognized the "unique position" of the Department of Justice in representing the interests of the United States in litigation. See, e.g., In re M.P.W. Stone, 986 F.2d 898 (5th Cir. 1993)(Stating that a "district court must consider the unique position of the government as a litigant in determining whether to exercise its discretion" to require attendance of official with full settlement authority, id. at 903, and concluding that "the district court abused its discretion in routinely requiring a representative of the government with ultimate settlement authority to be present at all pretrial or settlement conferences," id. at 905. "We do not suggest that the district court can never issue such an order, but it should consider less drastic steps before doing so." Id.).

This letter should not be interpreted as an indication that the United States is not interested in settling this matter or is not fully committed to settlement and mediation. The Attorney General has specifically directed all attorneys handling civil litigation on behalf of the United States to explore alternatives to litigation, and specifically mediation, see 61 Fed. Reg. 36895 (July 15, 1996). The United States is committed to exploring the settlement of this case and will negotiate in good faith towards that end. The United States also recognizes and agrees with the Court's desire that settlement conferences be efficient and effective. Trial counsel in this case has primary responsibility for evaluating the case, weighing its strengths and weaknesses, assessing policy considerations, and conducting settlement negotiations. If the Parties are able to negotiate a reasonable settlement proposal, trial counsel will promptly recommend and support its approval by the Assistant Attorney General.

For the foregoing reasons, we respectfully request a waiver of the provisions of the Court's Order insofar as they would require the personal attendance of a senior executive designated by the governing body of the governmental party at the Settlement Conference.

March 7, 2008

GRANTED

*Judge Bernard Zimmerman*

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

BRIAN C. TOTH
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, D.C. 20044-0663
Telephone: (202) 305-0639
Facsimile: (202) 305-0506

Attorneys for Defendants

cc:     (via electronic mail)

Ronald A. Shems
Attorney for Plaintiffs
Email: rshems@sdkslaw.com

Geoff Hand
Attorney for Plaintiffs
Email: ghand@sdkslaw.com

Richard Roos-Collins
Attorney for Plaintiffs
Email: rrcollins@n-h-i.org

Sue Ellen Harrison
Attorney for City of Boulder, Colorado
Email: harrisons@ci.boulder.co.us

Nancy Diamond
Attorney for City of Arcata, California
Email: metuite@humboldt1.com

Adam Radinsky
Attorney for City of Santa Monica,
California
Email: adam-radinsky@santa-monica.org