**Exhibit A**

*Settlement Agreement*
*Export-Import Bank of the United States*

This Settlement Agreement ("Agreement") is entered into by and between: (1) Friends of the Earth, Inc., Greenpeace, Inc., City of Boulder, Colorado, City of Oakland, California, City of Arcata, California, and City of Santa Monica, California ("Plaintiffs"); and (2) James H. Lambright, in his official capacity as Chairman of the Board and President of the Export-Import Bank of the United States ("Ex-Im Bank," or "Defendant").

The parties hereby agree to settlement of *Friends of the Earth, Inc., et al. v. Spinelli, et al.* (Civ. No. 02-4106, N.D. Cal.)[1] on the following terms and conditions:

1. This Settlement Agreement is negotiated in good faith and constitutes a settlement of claims that were vigorously contested, denied and disputed by the parties.

2. Within 10 days of the execution of this Settlement Agreement by all parties, Plaintiffs and Defendant agree to file this Settlement Agreement attached to a Joint Motion for Dismissal with Prejudice with respect to Ex-Im Bank in *Friends of the Earth, Inc., et al. v. Spinelli, et al.* (Civ. No. 02-4106, N.D. Cal.). This Settlement Agreement is effective as of the date that the court enters an order dismissing the case with prejudice with respect to Ex-Im Bank in *Friends of the Earth, Inc., et al. v. Spinelli, et al.* (Civ. No. 02-4106, N.D. Cal.).

3. Within 60 days of the effective date of this Agreement, Ex-lm Bank shall produce and implement a written directive to staff that shall, for all financing applications submitted after that date, require Ex-Im Bank staff to provide to the Ex-lm Bank Board of Directors ("Board"), information about carbon dioxide ("$CO_2$") emissions as part of and for consideration in conjunction with Ex-Im Bank's decisions whether or not to approve transactions related to fossil fuel projects.[2] A context for evaluating such information (e.g., a comparison to $CO_2$ emissions on a global level, national level, and/or industry level) shall also be provided. Ex-Im-Bank shall issue a record notice for each Category A and B fossil fuel project stating its determination as to whether NEPA review is necessary and, if not, the basis for that determination (e.g., no major federal action, applicability of categorical exclusion, no potential for significantly affecting the quality of the human environment of the United States).[3] Such notice shall be published at least thirty days in advance of any decision.

---

[1] Larry Spinelli is automatically substituted for Robert J. Mosbacher, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] For purposes of this Agreement, the term "fossil fuel projects" means the following: coal-fired or gas-fired power plants, oil fields, oil pipelines, gas fields, gas pipelines, refineries, liquefied natural gas plants, and fuels derived from tar sands, oil shale, coalbed methane, and peat projects.

[3] For the purposes of this Agreement, "Category A" and "Category B" have the same meaning as they are defined in Ex-Im Bank's Environmental Procedures and Guidelines.

In addition, all non-privileged environmental review documents for Category A and B fossil fuel projects (or their availability) shall be posted on Ex-Im Bank's website sufficiently in advance of the Board's vote to give outside parties an opportunity to review or request copies of such documents and provide comments. Ex-Im Bank staff's estimate of the annual amount of $CO_2$ expected to be produced by the project shall also be posted on the website. Ex-Im Bank staff shall provide the Board any timely submitted public comments prior to the Board's consideration of the transaction.

4.  Ex-Im Bank shall confer with one individual from each of the named Plaintiffs or, as substitutes for one or more of the Plaintiffs, an equal number of Plaintiffs' delegates from the attached list of organizations, to develop and implement a carbon policy, utilizing the following procedures:

   a.  Within 60 days of the effective date of this Agreement, Ex-Im Bank shall confer with Plaintiffs to discuss the contents of the proposed carbon policy.

   b.  Within 180 days of the effective date of this Agreement, Ex-Im Bank shall present to Plaintiffs a draft proposed carbon policy. Such draft proposed policy, at a minimum, shall include the following:

   (1) Incentives to reduce $CO_2$ emissions projects.

   (a) *Financing Incentives*. Ex-Im Bank shall consider financing aspects of project development that reduce, or mitigate, carbon emissions, subject to compliance with the requirements of the Organization for Economic Cooperation and Development ("OECD") and Ex-Im Bank's Charter.

   (b) *Renewable Energy Loan Guarantee Facility*. Ex-Im Bank shall establish a facility of $250 million offering Ex-Im Bank's full range of financial products to promote renewable energy projects.[4]

   (c) *Energy efficiency*. Ex-Im Bank shall encourage energy efficiency and corresponding reduction in project-related $CO_2$ emissions in a manner appropriate to the project.

   (2) *Enhanced review*. Ex-Im Bank shall revise its Environmental Procedures and Guidelines to implement this Agreement as appropriate.

   c.  Within 30 days of being presented with the draft proposed policy, Plaintiffs or their delegates shall confer with Ex-Im Bank and present Plaintiffs' comments on the draft proposed policy.

---

[4]"Renewable energy projects" shall exclude fossil fuel-related, gas (other than methane captured from livestock, landfill, or non-coalbed extraction operations), nuclear power, large dam, and large-scale bio-fuel projects.

    d. Within 60 days of being presented with Plaintiffs' comments, Ex-Im Bank staff shall present the proposed carbon policy to Ex-Im Bank's Board requesting the Board's approval.  The parties recognize that Ex-Im Bank's staff cannot control the Board's ultimate disposition of its request.

  5. *Leadership role.*  Ex-Im Bank shall, consistent with its authority, and subject to the concurrence of the U.S. delegates to the OECD, and subject to the President's plenary authority to determine the foreign policy of the United States, and in a manner consistent with the international legal obligations of the United States, promote consideration of climate change issues, including greenhouse gas mitigation measures, within the OECD and amongst export credit agencies ("ECAs"), in a manner that ensures a level playing field (equal competition among ECAs based on price, time, and quality).  Examples of such promotion, consideration, and/or mitigation measures include:

    a. proposing longer terms for projects designed with significant $CO_2$ reductions and mitigants;

    b. considering how the potential economic costs associated with high carbon intensity projects can be assessed by ECAs and factored into financing decisions;

    c. expanding the scope, flexibility and terms of ECA support for renewable energy projects;

    d. identifying and reducing barriers to ECA support for renewable energy projects;

    e. encouraging transparency and involvement of stakeholders, including renewable energy industry associations, project developers and nongovernmental organizations; and

    f. improving and proposing common greenhouse gas mitigation standards for financed projects.

  6. Plaintiffs shall receive attorneys fees, costs, and expenses in the amount of $100,000 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  All Plaintiffs agree that such award encompasses the entire amount of attorneys' fees and costs to which any and all of the Plaintiffs might be entitled to receive from Defendant under any authority in the above-captioned matter, including all work and costs already performed or incurred in this action through and including the date of this Settlement Agreement and any additional work or costs performed or incurred after this Settlement Agreement, including but not limited to any work associated with the dismissal of this action.  Plaintiffs agree that they are not entitled to any further monetary award in connection with this action except as expressly provided in the separate Settlement Agreement in *Friends of the Earth, Inc., et al. v. Spinelli, et al.* (Civ. No. 02-4106, N.D. Cal.) between Plaintiffs and Larry Spinelli, in his official capacity as acting President of the Overseas Private Investment Corporation.

7. Plaintiffs agree to provide Defendant with the information necessary to process the payment set forth in paragraph 6 within 10 days of the effective date of this Settlement Agreement. Such information shall include the following: account number for plaintiffs' client trust account; bank name; bank address; routing number; and taxpayer identification number. Defendants agree to submit all necessary paperwork for such payment to the appropriate office within thirty business days of the effective date of this Agreement.

8. Ex-Im Bank's obligation to pay such fees, expenses, and costs shall be entered as an Order of the Court. Full payment of all fees, expenses and costs shall be made directly to the client trust account held by Shems Dunkiel Kassel & Saunders PLLC.

9. The terms of this Settlement Agreement will expire five years from its effective date. In the event that any statutory enactment or Executive Order makes compliance with any term of this Agreement illegal, *ultra vires*, or otherwise inconsistent with the agency's statutory mandate, failure to comply with such terms in the Agreement shall not be grounds for a claim of violation of the Agreement.

10. The provisions of this Settlement Agreement shall apply to and be binding upon all of the Parties including, but not limited to, their officers, directors, employees, successors, and assigns.

11. This Settlement Agreement constitutes the entire agreement of the Plaintiffs and Ex-Im Bank concerning the rights and obligations discussed herein and subject to dispute in this suit. No other agreement shall govern the rights of the Plaintiffs and Ex-Im Bank with respect to the matters resolved by this Settlement Agreement, except in accordance with the terms herein. No modification to this Settlement Agreement shall be valid unless written and executed by all parties thereto.

12. Any claims of violations of the terms of this Settlement Agreement shall be brought to the attention of the parties in writing before raising such claims in the context of a judicial proceeding. If the parties do not resolve the situation to the satisfaction of the parties within thirty days of the receipt of the written notice, then the party claiming violation of the Settlement Agreement may pursue such claims in a judicial proceeding. The parties agree that, except for the provisions in paragraphs 6, 7, and 8 (i.e., regarding attorneys' fees and costs), the sole remedy for any violation of this Agreement shall be limited to reinstatement of the litigation against Ex-Im Bank in *Friends of the Earth, Inc., et al. v. Spinelli, et al.* (Civ. No. 02-4106, N.D. Cal.). The parties agree that the court may retain jurisdiction, if necessary, solely to enforce the provisions in paragraphs 6, 7, and 8 of this Agreement. The parties agree that alleged non-compliance with any of NEPA's requirements shall not constitute a violation of this Agreement. Nothing in this Agreement shall be interpreted to preclude Plaintiffs from bringing a new lawsuit challenging any future act or omission by Defendants that is judicially reviewable, including an act or omission for non-compliance with any of NEPA's requirements.

13. The undersigned representatives of each party certify that they are authorized by the party or parties they represent to execute this Settlement Agreement.

14. Nothing in this Settlement Agreement or the accompanying Joint Motion for Dismissal with Prejudice and Proposed Order constitutes an admission by any Party to any fact, claim, or defense in this lawsuit. This Settlement Agreement is limited to the facts in *Friends of the Earth, Inc., et al. v. Spinelli, et al.* (Civ. No. 02-4106, N.D. Cal.), and shall not be cited as precedent in any other legal proceeding.

15. Nothing in this Settlement Agreement or the accompanying Joint Motion for Dismissal with Prejudice and Proposed Order will be construed:  (1) to deprive a federal official of the authority to revise, amend, or promulgate regulations;  (2) to commit a federal official or a local government to expend funds not appropriated by Congress or by the appropriate local governmental body; (3) to bind any federal agency other than Ex-Im Bank; or (4) to require a party to take any action contrary to law.

16. This Settlement Agreement may be executed in one or more separate counterparts, each of which, when so executed, shall together constitute one and the same instrument.

ON BEHALF OF ALL PLAINTIFFS:

Dated:  Feb. 6, 2009              s/ Ron Shems (with permission)
                                  RONALD A. SHEMS
                                  GEOFF HAND
                                  Shems Dunkiel Kassel & Saunders PLLC
                                  91 College Street
                                  Burlington, Vermont 05401
                                  802-860-1003
                                  802-860-1208 (facsimile)
                                  rshems@sdkslaw.com

                                  RICHARD ROOS-COLLINS (Cal. Bar no. 127231)
                                  JULIE GANTENBEIN (Cal. Bar no. 224475)
                                  Natural Heritage Institute
                                  100 Pine Street, Ste. 1550
                                  San Francisco, CA 94111
                                  415-693-3000
                                  415-693-3178 (facsimile)
                                  rrcollins@n-h-i.org

ON BEHALF OF DEFENDANT EXPORT-IMPORT BANK OF THE UNITED STATES:

                                  JOHN C. CRUDEN
                                  Acting Assistant Attorney General
                                  Environment and Natural Resources Division

Dated:  Feb. 6, 2009               s/ Brian C. Toth
                                   BRIAN C. TOTH

        Environment and Natural Resources Division
        United States Department of Justice
        P.O. Box 23795
        Washington, D.C. 20026-3795
        Telephone:  (202) 305-0639
        Facsimile:   (202) 353-1873
        brian.toth@usdoj.gov

Attachment to Settlement Agreement for
Export-Import Bank of the United States in
*Friends of the Earth, Inc., et al. v. Spinelli,* Civ. No. 02-4106 (N.D. Cal.)[5]

List of Plaintiffs' Designated Organizations Under Paragraph 4:

    Friends of the Earth
    Greenpeace
    Environmental Defense
    Pacific Environment
    World Resources Institute
    Center for International Environmental Law
    Oil Change International

---

[5] Larry Spinelli is automatically substituted for Robert J. Mosbacher, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.